UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Martez Deroy Smith                      Civil No. 04-4287 (RHK/FLN)

     Petitioner,

     v.                                    **REPORT AND RECOMMENDATION**

Lisa J.W. Hollingsworth,

     Respondent.

_____

Martez Deroy Smith, Pro Se Petitioner.
Ann Anaya, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. This Court issued an Order directing the Respondent to Show Cause as to why Petitioner's Writ should not be granted [#2]. Respondent filed a response in opposition to Petitioner's petition [#4]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Petitioner's application be denied and dismissed with prejudice.

## I. BACKGROUND

Petitioner Martez Deroy Smith is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). He is serving a 17-month sentence imposed by the United States District Court, Northern District of Iowa, for violation of the terms of his supervised release. Petitioner has filed an application for writ of habeas corpus, claiming that the Federal Bureau of Prisons ("BOP") incorrectly projected his release date based on an erroneous

-1-

interpretation of the good time credit statute, 18 U.S.C. § 3624.

Petitioner is eligible to receive good time credit toward the service of his sentence. Congress has authorized the BOP to give federal prisoners time off their sentences if they comply with prison regulations. 18 U.S.C. § 3624. Section 3624(b)(1) provides in pertinent part:

> A prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations....Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

To administer § 3624(b)(1), the BOP has promulgated and adopted 28 C.F.R. § 523.20, which provides in relevant part:

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance . . . . Pursuant to 18 U.S.C. § 3624(b), as in effect for offenses committed after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress . . .toward earning a General Educational Development (GED) credential before awarding good conduct time credit.

In addition to § 523.20, the BOP has provided further guidance to its staff by promulgating a sentence computation policy, set forth in the BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). Under the regulation and Program Statement, the BOP awards good time credit based on the time an inmate actually serves. After each year of service, an inmate's projected release date is advanced by the number of days of good time credit that he

-2-

receives for that year, and good conduct time is prorated if a full year or less than a full year of the sentence remains to be served. Following these regulations and policies, the BOP projected Petitioner's release date to be August 21, 2005.

Petitioner filed a petition for habeas corpus, claiming that the BOP failed to appropriately calculate his good time credits in accordance with 18 U.S.C. § 3624. He argues that the BOP's calculation method, which provides credit based on the time an inmate actually serves, contradicts the command of the statute. Petitioner's application for a writ of habeas corpus contends that the BOP intends to hold him beyond the date on which he should be entitled to release. He requests the Court to issue an Order compelling Respondent to calculate the amount of good time credit based on the length of the sentence imposed.

Respondent Lisa J.W. Hollingsworth, warden of FCI Sandstone, argues that the BOP's calculation of good time credit is consistent with Congress' statutory directive in § 3624, and avoids giving prisoners good time credit for time they never serve. She argues that Petitioner's application should be denied because the BOP properly calculated his sentence. Respondent also asserts that Petitioner's application should be denied because Petitioner failed to exhaust his administrative remedies.

## II. DISCUSSION

**A.     It Would Be Futile To Require Petitioner to Exhaust His Administrative Remedies**

As an initial matter, Respondent argues that Petitioner's application should be procedurally barred because Petitioner failed to exhaust his available administrative remedies before filing his application for writ of habeas. Generally, a Petitioner is required to exhaust his administrative remedies before filing a habeas petition to challenge the length or duration of his sentence. United

States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000); United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir. 1991). The BOP has a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his confinement. See 28 C.F.R. § 542. Normally, an inmate's failure to exhaust his administrative remedies would preclude judicial review of the BOP's calculation of his good time credit. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

Here, Petitioner admits he did not pursue his administrative remedies. He argues, however, that the Court should nonetheless proceed to the merits of his application because it would have been futile for him to avail himself of his administrative remedies.

The Court agrees with the Petitioner and excuses his failure to exhaust because his pursuit of administrative remedies would have been futile. In this case, Respondent and the BOP have made it clear that they believe that an inmate's good time credit should be calculated on the basis of the time he has served. See 28 C.F.R. § 523.20; BOP Program Statement 5880.28. Under the circumstances, the Court will not enforce the exhaustion requirement because exhaustion would be futile. See Gibson v. Berryhill, 411 U.S. 564, 575 n. 14 (1973) (administrative remedy may be inadequate where the administrative body has predetermined the issue before it); Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (court may waive exhaustion requirements for 28 U.S.C. § 2241 when an agency has predetermined the issue).

**B.    The BOP Correctly Computed Petitioner's Eligibility for Good Time Credit Pursuant to 18 U.S.C. § 3624**

Petitioner alleges that the BOP's calculation method, which provides credit for time actually

served on a sentence, rather than on the length of the sentence imposed, contradicts the command of § 3624(b). Petitioner raises an issue of statutory interpretation involving the BOP's calculation of good time credit for prisoners serving federal sentences.[1]

The Court reviews the BOP's interpretation of § 3624(b) using the two-step analysis set forth in Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Under Chevron, when reviewing a challenge to an administrative agency's interpretation of a statute, the court must first examine the statute itself to determine whether Congress has directly spoken to the precise question at issue in a way that clearly evinces its intent. See Chevron, 467 U.S. at 842; Pacheco, 272 F.3d at 1268. If the intent of Congress is not clear and the statute is silent or ambiguous on the issue, the court defers to the agency's interpretation if it "is based on a permissible construction of the statute." Id., quoting Chevron, 467 U.S. at 843.

Here, the Court finds that § 3624 does not clearly evince Congress' intent regarding the calculation of good time credit. The Court further finds that the BOP's policy of calculating good time credit based on time served, rather than the sentence imposed, is a reasonable interpretation of the statute, and as such, should be given deference.

    **1.**    **The Statute Is Ambiguous as to Congress' Intent**

Section 3624(b)(1) reads in part:

> A prisoner who is serving a term of imprisonment of more than 1

---

[1] Petitioner primarily relies on White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004), which held that the phrase "term of imprisonment" in § 3624 refers to the length of the sentence imposed on a prisoner rather than the time the prisoner actually serves. Id. at 841. Since the submission of Petitioner's application, the Seventh Circuit Court of Appeals overturned White. See White v. Scibana, 390 F.3d 997, (7th Cir. 2004) ("White II"). The holding in White II comports with rulings in the Eighth and Ninth Circuits and this Court. See Pacheco-Camacho, 272 F.3d 1266 (9th Cir.2001); James v. Outlaw, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004), aff'd, 2005 WL 677769 (8th Cir., 2005) (unpublished opinion); Whitfield v. Hollingsworth, Civ. No. 04-2730, 2004 WL 3049763 (slip copy). This Court finds that the holding in James and Whitfield apply in this case, and therefore recommends that the Petition be denied.

> year...may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations

Section 3624 does not clearly define what "term of imprisonment" means, and "term of imprisonment" is used inconsistently to refer both to the sentence imposed and the sentence served. As the court stated in Pacheco,

> [T]he words of the statute do not provide clear guidance as to what the phrase 'term of imprisonment' means. At the very least, the plain language of section 3624(b)certainly does not compel [the petitioner's] conclusion that the 'term of imprisonment' must refer to a sentence imposed in judgment, as opposed to the time actually served. If anything, this reading is inconsistent with the statute, which provides that 'credit for the last year . . . of the term of imprisonment shall be *prorated*.'

272 F.3d at 1268, (emphasis in original).

Section 3624(b)(1) provides that a prisoner may receive good time credit "beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment." It therefore establishes a process of awarding credit at the end of each year of imprisonment based on a review of the prisoner's behavior during that year. Interpreting "term of imprisonment" to mean "sentence imposed" to describe how good time credit is awarded is inconsistent with the retrospective year-end evaluation and award system § 3624 contemplates. Such an interpretation would allow a prisoner to receive credit for good behavior in prison for time he was not in prison.

The Court therefore holds that § 3624 is ambiguous because it does not clearly indicate whether the 54 days of credit for good behavior for each year of the prisoner's "term of imprisonment" is based on the sentence imposed or the time served in prison. Because § 3624 is

ambiguous, under <u>Chevron</u>, the Court defers to the BOP's interpretation of the statute if that interpretation is based on a permissible construction of the statute.

### 2. The BOP's Interpretation of the Statute Is Reasonable and Should Be Given Deference

The BOP's interpretation of § 3624(b) as embodied in 28 C.F.R. § 523.20, was adopted pursuant to notice and comment rule-making. <u>See</u> 62 Fed. Reg. 50,786 (Sept. 26, 1997). The BOP's interpretation is therefore entitled to full deferential review. <u>See</u> <u>Chevron</u>, 467 U.S. at 843-45; <u>Christensen v. Harris County</u>, 529 U.S. 576, 587 (2000). Under that review, the Court finds that the BOP's interpretation is reasonable. The BOP's formula is premised on the notion that a prisoner may receive a maximum of 54 days of credit each year if the prisoner behaves well every day of the year. This interpretation is consistent with the purpose of § 3624 to retrospectively assess a prisoner's behavior and award credit for good behavior throughout the year. If, as Petitioner argues, prisoners were given good time credit based on the full length of their sentences as imposed by the Court, they would receive credit for good conduct when they were not even in prison. This interpretation would lead to an absurd result.

Accordingly, the BOP's calculation of Petitioner's good time credit based on time actually served is appropriate and his Petition for Writ of Habeas Corpus should be denied.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED.**

DATED: May 6, 2005                                                s/ *Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 25, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.